UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT CONGRESS,

        Plaintiff,

v.

FLOYD TILLMAN and MK EXPRESS, INC.,

        Defendants.
_____/

Case No. 09-10419

DISTRICT JUDGE JOHN FEIKENS
MAGISTRATE JUDGE STEVEN D. PEPE

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DKT. #8)**

This case is for damages resulting from injuries sustained in a motor vehicle accident on July 26, 2006. Plaintiff filed a complaint on December 1, 2008, claiming he was injured when a vehicle owned by Defendant MK Express, Inc., and driven by Defendant Tillman rear-ended the vehicle in which Plaintiff was a passenger (Complaint, p. 2).

On April 22, 2009, Defendants filed a motion for Qualified Protective Order and Authorization Pursuant to Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1230d *et seq* (Dkt. #8). Defendants sought to conduct *ex parte* interviews of Plaintiff's medical providers. On May 13, 2009, Plaintiff filed a response, rejecting Defendants' proposed protective order (Dkt. #12). On May 27, 2009, Defendants filed a reply (Dkt. #14).

Defendants contend that when Plaintiff put his medical condition at issue in litigation, he waived any physician-patient privilege, and thus Michigan law allows defense counsel to conduct *ex parte* interviews with Plaintiff's medical providers. Defendants further argue that *ex parte* oral interviews with Plaintiff's physicians are permitted by HIPAA so long as a qualified

protective order is put in place.

Plaintiff asserts that HIPAA does not authorize *ex parte* contact with healthcare providers, regardless of whether there is a qualified protective order in place.  Additionally, because HIPAA is more restrictive than Michigan law in this area, Michigan's pre-HIPAA cases finding that *ex parte* communications are permitted have been preempted.  Plaintiff asks that the Court deny Defendants' motion.  It is determined that under L.R. 7.1(e)(2) this motion may be resolved by the Court without hearing.

It is well-established under Michigan law that the filing of a personal injury action generally waives the statutory physician-patient privilege regarding any injury at issue in the case.  M.C.L. § 600.2157.  Also, prior to the enactment of HIPAA, the Michigan Supreme Court held that once the physician-patient privilege is waived, defense counsel may have *ex parte* communications with a plaintiff's physician.  *See Domako v. Rowe*, 438 Mich. 347 (1991).  State law is preempted unless its provision is "more stringent" than a standard, requirement, or implementation specification adopted by HIPAA.  45 C.F.R. § 160.203.  Unlike Michigan law, HIPAA does not allow for automatic waiver of the physician-patient privilege upon the filing of a lawsuit, therefore Michigan law is not "more stringent," and is superceded by HIPAA.  *See Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md., 2004).

45 C.F.R. § 164.512 governs the disclosure individually identifiable health information, and provides in part:

> Permitted disclosures.  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity disclosed only the protected health information expressly authorized by such order; or

2

> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1). While this section does not specifically mention *ex parte* contact, the Michigan Court of Appeals recently addressed the issue, and concluded that "defendants may conduct an ex parte oral interview with [plaintiff's] physician if a qualified protective order, consistent with 45 C.F.R. 164.512(e)(1), is first put in place." *Holman v. Rasak*, 281 Mich. App. 507, 513 (2008). Another judge in this district recently reached the same conclusion in a similar case. *Palazzolo v. Mann*, No. 09-10043, 2009 WL 728527 (E.D. Mich. Mar. 19, 2009).

As for the restrictions placed on *ex parte* interviews, another judge in this district considered the issue and concluded:

> ...under 45 C.F.R. § 164.512(e)(1)(ii)(B), a qualified protective requires neither specific notice to Plaintiff's counsel nor Plaintiff's consent before Defendant may interview Plaintiff's treating physician *ex parte*. It does, however, require clear and explicit notice to Plaintiff's treating physician both as to the purpose of the interview and to the fact that the interview is not required. Only by complying with these restrictions, and the requirements made explicit under the statute, may Defendant conduct an *ex parte* interview with Plaintiff's treating physician.

*Croskey v. BMW of North America*, No. 02-73747, 2005 WL 4704767 (E.D. Mich. Nov. 10, 2005).

Defendants submitted a draft protective order, attached as Exhibit C to their motion,

which provides sufficient protection to Plaintiff's confidential health information.  Therefore, the Court **WILL GRANT DEFENDANTS' MOTION AND ENTER** a  Qualified Protective Order and Authorization Pursuant to Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1230d *et seq*.

SO ORDERED.


Dated: June 16, 2009                              s/Steven D. Pepe
Ann Arbor, Michigan                               United States Magistrate Judge



                                    Certificate of Service


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 16, 2009 .


                                              s/Jermaine Creary
                                              Interim Case Manager