**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DWIGHT CONGRESS,**

        **Plaintiff,**

  vs.

**FLOYD TILLMAN and**
**MK EXPRESS, INC.,**

        **Defendant.**

                            /

**CIVIL ACTION NO. 09-CV-10419**

**DISTRICT JUDGE JOHN FEIKENS**

**MAGISTRATE JUDGE MONA K. MAJZOUB**

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE PROPER ANSWERS TO FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF AND REQUEST TO PRODUCE DOCUMENTS TO PLAINTIFF (DOCKET NO. 19)

This matter comes before the Court on Defendants' Motion To Compel Plaintiff To Provide Proper Answers To First Set Of Interrogatories Directed To Plaintiff And Request To Produce Documents To Plaintiff filed on July 9, 2009. (Docket no. 19). Plaintiff filed no response to Defendants' Motion and the time for responding has passed. On August 21, 2009 Defendants filed a Statement of Unresolved Issues, on August 21, 2009 Plaintiff filed a Statement of Unresolved Issues, and on August 29, 2009 Defendants filed yet another Statement of Unresolved Issues which contains Plaintiff's Response To Defendant's Statement of Unresolved Issues[1]. (Docket nos. 25, 27 and 29). This matter was reassigned and referred to the undersigned for all pre-trial proceedings

---

[1] To the extent that Plaintiff requests that the Court enter an order compelling Defendants to answer Plaintiff's interrogatories, (docket nos. 25, 29), Plaintiff has not filed a Motion to Compel any discovery which may be outstanding from Defendants and this issue is not properly before the Court on Defendants' Motion to Compel. Plaintiff is advised to comply with both the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan in bringing discovery issues before the Court.

pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C). (Docket no. 20). The Court disposes with oral argument on this Motion. E.D. Mich. LR 7.1(e).

This action arises out of a motor vehicle accident which occurred on July 26, 2006. (Docket no. 1). Plaintiff alleges that he suffered injuries as the result of the accident and brings claims of negligence against driver Defendant Tillman and Defendant Tillman's employer, MK Express, Inc.. (Docket no. 1). This case was removed from the Circuit Court for the County of Wayne on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendants served their First Set of Interrogatories and Request for Production of Documents to Plaintiff on February 10, 2009. (Docket no. 19-3, 19-4). Defendants allege that Plaintiff provided answers and responses on or about April 11, 2009. (Docket no. 19). Defendant alleges that some of Plaintiff's answers and responses are deficient, improper or incomplete. Defendant seeks to compel full answers and responses to the discovery requests and costs incurred in bringing this motion. Under Fed. R. Civ. P. 37(a)(3)(B), the Court can compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or fails to properly respond to a request submitted under Rule 34.

**A.    Defendants' Interrogatories**

Defendants argue that Plaintiff's answers to Interrogatory Nos. 2, 3, 5, 6, 7, 9 and 11 are deficient. (Docket no. 19-3). Rule 26(b)(1), Fed. R. Civ. P., allows parties to obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party...." The scope of discovery is broad and for good cause also includes "discovery of any matter relevant to the subject matter involved in the action," even if not admissible at trial, as long as the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

2

The interrogatories at issue are relevant. Plaintiff's previous medical history may be relevant to his current claims that he suffered injuries as a result of the accident at issue.

Interrogatory No. 2 asks for specific information relating to accidents, personal injuries, medical conditions, disabilities or medical care received before the accident at issue. Plaintiff's answer to Interrogatory No. 2 is incomplete. Plaintiff unilaterally limited the scope of the interrogatory to "the last 6-7 years." Plaintiff's medical history is relevant, Plaintiff has not otherwise objected that the scope is overly burdensome, unreasonable or irrelevant and Plaintiff has waived all objections by his untimely responses. Fed. R. Civ. P. 33(b)(4). Plaintiff has not provided all of the requested information and referenced only an undated heart replacement surgery, with no date given for the procedure and no information regarding pre- or post-operative treatment. Undergoing such a serious procedure, coupled with Plaintiff's answer to Interrogatory No. 11 that he has been collecting "SSD" [Social Security Disability benefits] since 2001, is inconsistent with Plaintiff's answer that the only medical care, condition, personal injury, accident or disability he had prior to the accident was "heart replacement surgery at Henry Ford" for which he does not provide a date. The Court will order Plaintiff to answer Interrogatory No. 2 in full including date, place, parties and physicians involved in his care and treatment.

Interrogatory No. 3 seeks names, addresses and dates of treatment of all doctors, hospitals, clinics and medical practitioners with whom Plaintiff treated prior to and subsequent to the accident. Plaintiff's answer to Interrogatory No. 3 is incomplete and he again appears to have unilaterally limited the scope in time of the request and has not provided all of the information requested by Interrogatory No. 3. The Court will order Plaintiff to answer Interrogatory No. 3 in full.

Interrogatory No. 5 asks for information specific to treatment received as a result of the accident at issue. The Court notes that while Defendant's Interrogatory No. 5 asks for names and addresses of hospitals, clinics, institutions, doctors, nurses and dentist and other medical practitioners, it appears to request "the reasons you saw said practitioner" only with respect to sub-part (c), "other medical practitioners." The Court will, however, order Plaintiff to amend his Answer to Interrogatory No. 5 to state with respect to each entity or individual whether or not he treated with the entity or individual "as a result of" the accident at issue in this case.

Interrogatory No. 6 asks for the nature, duration and anticipated cost of any necessary future medical treatment and name, occupation and address of the individual "advising" such treatment. Plaintiff's answer is insufficient and does not respond to the question in full. He did not include the nature, duration or anticipated costs as requested. To the extent that Plaintiff listed "Dr. Kim," he has not provided the full name, occupation or address for Dr. Kim. Plaintiff has not provided the requested information with respect to "continuing" his physical therapy or his expectation that he will "have ongoing treatment." The Court will order Plaintiff to answer Interrogatory No. 6 in full.

Interrogatory No. 7 asks for identifying information for each witness who may have knowledge as to any of the facts which are the subject matter of the case, including a description of the nature of any statement which was obtained and the information and/or testimony Plaintiff anticipates that the witness will present or supply. Plaintiff's answer does not provide the requested addresses for the listed individuals. Furthermore, Plaintiff has not identified which specific doctors he expects to testify. Plaintiff in the Joint Statement stated that he would provide witness lists within 14 days. The Court will order Plaintiff to answer Interrogatory No. 7 in full, by subpart.

Interrogatory No. 9 asks for information regarding the experts with whom Plaintiff or his counsel have consulted. Plaintiff answered that he has not retained any experts, but "expects that some or all of this doctors may provide expert testimony." Plaintiff must identify the names of the doctors which he has consulted regarding their expert testimony and the Court will order Plaintiff to answer Interrogatory No. 9 in full by subpart.

Interrogatory No. 11 asks for the identifying information for any entity from which Plaintiff has claimed benefits and/or damages of any type, kind or nature. Plaintiff listed a PIP claim with claim number and insurer, and stated that he has been on "SSD since 2001; $1,700 per month." (Docket no. 27-3). Plaintiff's answer does not include the date that Plaintiff made the applications for these benefits or damages and with respect to the PIP claim, does not include the type and amount of benefits or damages received. The Court will order Plaintiff to amend his answer to include this information.

**B.      Defendant's Requests To Produce**

Defendant argues that Plaintiff's responses to Request to Produce Nos. 7, 16, 19, 21 and 23 are insufficient. (Docket nos. 19, 27). The Court finds that these Requests to Produce are relevant to the parties claims and defenses in this action. Fed. R. Civ. P. 26(b)(1).

Rule 34(a)(1), Fed. R. Civ. P., provides that a party may request production of any items "in the responding party's possession, custody, or control . . . ." Fed. R. Civ. P. 34(a)(1). "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989). Several of Plaintiff's responses state that he does not have the documents in his "possession" and the answer is ambiguous. Plaintiff has not provided specific timely objections to the Requests. Therefore, to

5

the extent that Plaintiff has the right, authority or ability to obtain any other requested documents, he must do so and produce them to Defendants. Furthermore, Plaintiff is not limited to merely providing documents that "Plaintiff's Counsel had in the file." The Court will order Plaintiff to amend the responses at issue to produce all responsive documents within his possession, custody or control and to state in response to each of the Requests whether he has produced all responsive documents within his "possession, custody or control."

Due to the ambiguity of Plaintiff's responses to the Requests to Produce, the Court will order Plaintiff's counsel to produce with the amended responses an affidavit stating what steps were taken to identify responsive documents, where and when he looked for responsive documents and from whom he requested responsive documents.

Request to Produce No. 7 asks for every document that supports Plaintiff's damages claims, including all medical records. Plaintiff responded that Defendants "should have" the police report, stated that he signed authorizations to allow Defendants to obtain the medical records, enclosed a copy of medical records from Henry Ford Hospital "that Plaintiff's Counsel had in the file" and has yet to decide which exhibits will be introduced. Plaintiff's answer is incomplete. Furthermore, Plaintiff's response that Defendants "should have" a specified document is not a proper response pursuant to Rule 34. The Court will order Plaintiff to produce all responsive documents and respond in full.

Request to Produce No. 16 asks Plaintiff to produce all tax records from 2000 to the present date. This request is relevant to claims of loss of income and other economic damages. Plaintiff responded that he is not in possession of the documents but he "will sign a release in order for the

Defendant to obtain them from the IRS."  The Court will order Plaintiff to produce the signed release by the date certain set forth below.

Request to Produce No. 19 asks Plaintiff to produce all psychological testing records "including neuro psychological tests and all other records . . . relating to Plaintiff's claims of a closed head injury as alleged in Plaintiff's Complaint."  (Docket no. 27-3).  Plaintiff's response to Request No. 19 is in substance the same as his answer to Request No. 7.  The Court will order Plaintiff to produce all responsive documents and respond in full.

Request To Produce No. 21 asks Plaintiff to provide copies of all requests for benefits made by Plaintiff "from any entity within the last 10 years for Michigan personal injury protection benefits, including all claims relating to the accident set forth in Plaintiff's Complaint."  Plaintiff responded that he "included household replacement services sheets and attendant care forms.  Plaintiff is not currently in possession of other requests for benefits, these requests were sent directly to Plaintiff's No-Fault Insurance Carrier."  (Docket no. 27-3).  Defendants argue that Plaintiff has not indicated whether this is a complete set of all attendant care forms but they will accept them as an "appropriate representation to limit this request and Plaintiff's compliance" if Plaintiff confirms that the documents are a complete set.  The Court will order Plaintiff to amend his response to state whether this is a complete set of attendant care forms.

Request to Produce No. 23 asks Plaintiff to produce all applications made by Plaintiff to any governmental or private entity for disability benefits from 1990 through the present date.  Plaintiff responded that he currently receives Social Security Disability Benefits due to his heart condition and has received those benefits for approximately three years.  Plaintiff stated that he is no longer in possession of his SSD application and he will sign a release if Defendants want a copy of it.

Defendants argue that they will prepare and accept the signed release but request that the Court enter an order compelling the Social Security Administration to provide the documents in compliance with the release. Defendants' counsel argues that it has been his experience that he often requires a Court order to obtain the documents from Social Security. The Court will order Plaintiff to produce a signed release and order Plaintiff to obtain his documents which he has the right, ability or authority to obtain upon demand from the Social Security Administration and produce them to Defendants as set forth in further detail below.

Finally, to the extent that Plaintiff has clarified certain of his answers and responses in the Joint Statement, the Court will order Plaintiff to amend his Answers and Responses to Defendants' discovery requests to include these clarifications. For example, Plaintiff stated in the Joint Statement that the doctors he listed in answer to Interrogatory No. 3 are doctors with whom Plaintiff treated for non-accident related issues. Plaintiff's amended Answers and Responses to Defendant discovery requests must include these clarifications and the identifying information he has set forth in the Joint Statement.

Defendants request an award of the attorney fees which it incurred to bring this motion pursuant to Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2), Fed. R. Civ. P., is applicable when a party has failed to obey a discovery order. Defendants' request properly falls under Fed. R. Civ. P. 37(a)(5). The Court will deny Defendants' request for attorneys fees and costs. Fed. R. Civ. P. 37(a)(5)(iii).

**IT IS THEREFORE ORDERED** that Defendants' Motion To Compel Plaintiff To Provide Proper Answers To First Set Of Interrogatories Directed To Plaintiff And Request To Produce Documents To Plaintiff (docket no. 19) is **GRANTED in part** and **on or before November 13, 2009** Plaintiff will serve signed, amended answers to Defendant's Interrogatory Nos. 2, 3, 5, 6, 7,

9, and 11 and produce amended responses and responsive documents to Defendant's Request To Produce Nos. 7, 16, 19, 21 and 23 including the following:

    a.    Plaintiff will answer Interrogatory Nos. 2, 3, 5, 6, 7, 9 and 11 as written, completely and in full, by sub-part and unlimited in scope of time except as may be set forth in the original Interrogatory;

    b.    Plaintiff will amend his Answer to Interrogatory No. 3 to state with respect to each entity or individual whether or not he treated with the entity or individual prior to or subsequent to the date of the accident and provide the reason for each treatment;

    c.    Plaintiff will amend his Answer to Interrogatory No. 5 to state whether he treated with each doctor listed as a result of the accident at issue in this case;

    d.    Plaintiff will amend each Interrogatory Answer to include any clarifying, descriptive or responsive information which he provided in his Statement Of Unresolved Issues and Response To Statement Of Unresolved Issues (Docket no. 29);

    e.    In response to Request To Produce Nos. 7, 16, 19, 21 and 23 Plaintiff will state whether he has produced all documents and responsive things within his possession, custody or control;

    f.    Plaintiff's counsel will produce an affidavit with his responses stating what steps were taken to identify documents and items responsive to Defendants' Requests to Produce, where and when he looked for responsive documents and items, and from whom he requested responsive documents and items;

    g.    In response to Request To Produce No. 16, Plaintiff will produce the signed release for the IRS **on or before November 6, 2009**;

    h.    Plaintiff will amend his response to Request To Produce No. 21 to state whether he produced a complete set of attendant care forms; and

    i.    In response to Request to Produce No. 23, **on or before November 6, 2009** Plaintiff will both produce a release to Defendant *and* Plaintiff will request from Social Security a copy of his application for disability benefits. Plaintiff will produce the responsive application to Defendants' counsel within 5 days of receiving it from Social Security. If Plaintiff cannot or does not receive the application **on or before November 13, 2009,** Plaintiff's counsel will produce an affidavit to Defendants' counsel on November 13, 2009 setting forth the steps taken to procure a copy of the application and any known status of the request.

**IT IS FURTHER ORDERED** that Defendants' Request for attorneys fees and costs associated with bringing the Motion is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 30, 2009        s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.
Dated: October 30, 2009        s/ Lisa C. Bartlett
                                      Case Manager